Filed 3/27/13  P. v. King CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062629 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240450) |
| MAURICE SIMEON KING, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

Defendant Maurice King was convicted of one count of assault with a deadly weapon (count 1) and one count of carrying a concealed dirk or dagger (count 2).  King was sentenced to the middle term of three years in state prison for count 1, and the sentence on count 2 was stayed under Penal Code section 654.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not

arguable issues. We offered King the opportunity to file his own brief on appeal, and he responded with a supplemental brief. In that supplemental brief he asserts that (1) his Sixth Amendment right to confront witnesses was violated; and (2) his right to a speedy trial was violated. We affirm.

## FACTUAL BACKGROUND

On April 22, 2012, Stephen Boyd was working as a security guard at the entrance to East Village Tavern on Market Street in San Diego. At approximately midnight, he observed two men. The first one (the victim) walked quickly past him. The second man (King) was following, twirling a metal walking cane. Boyd turned to check a couple of ID's of customers entering the bar when he heard a "smack." When he turned around he saw King beating the victim over the head with the cane. The victim was hunched over with the back of his head toward the King. He had his hands up in what appeared to be a defensive position.

The victim pushed himself away from King and moved around to the front of a vehicle to make space between him and King. King then went into the middle of Market Street and walked eastbound. The victim came back to the front of the bar and sat down. Boyd saw that the victim had two gashes on his head and was bleeding. Boyd called 911 and reported the incident.

Sergeant Benjerwin Manansala of the San Diego Police Department responded to a radio call just after midnight on the night of the incident. When he arrived, he encountered the victim and saw that he was bleeding from lacerations on the head. Officers on the scene obtained a description of King.

2

Sergeant Manansala drove around the area and encountered King approximately five or six blocks away. He was carrying a cane. He approached King and placed him in handcuffs. He saw that the cane was spattered with blood.

After detaining King, Sergeant Manansala patted him down for weapons. He asked King if he had any weapons on him and King responded that he had a knife in his pocket. Sergeant Manansala recovered a steak knife with a five-inch blade from King's left jacket pocket.

Boyd was brought from the bar to where King had been apprehended and he identified King as the assailant. )! At trial, Boyd also identified King as the person who swung the cane.

The victim had refused to give his address and did not identify King as the assailant as he had been transported to the hospital. Later efforts to locate the victim were unsuccessful.

DISCUSSION

On appeal, King's appointed appellate counsel filed an opening brief pursuant to *Wende*, requesting that we conduct an independent review of the record to determine whether there are any arguable appellate issues. (*Wende*, *supra*, 25 Cal.3d 436.) Under *Anders, supra,* 386 U.S. 738, he listed as possible but not arguable issues (1) whether the evidence is sufficient to support the conviction, (2) whether King was denied his right to a speedy trial, (3) whether the amount of the security fee ($80) imposed was correct, (4) whether the $60 criminal conviction assessment was correct, (5) whether the trial court should have considered the ability to pay restitution; (6) whether the issue of an ability to

3

pay was waived, and (7) whether a cane may be considered a deadly weapon. As we have previously noted, at our invitation King filed a supplemental brief asserting (1) a violation of his right to confront witnesses; and (2) a violation of his right to a speedy trial.

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues. Competent counsel has represented King on appeal.

## DISPOSITION

The judgment is affirmed.


NARES, Acting P. J.

WE CONCUR:


McINTYRE, J.


IRION, J.